**FILED**
JUL 29 2008
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAPHAEL MENDEZ,

    Plaintiff,

    v.

DIRECTOR, BUREAU OF PRISONS,

    Defendant.

Civil Action No. 08 1296

**ORDER TRANSFERRING CASE**

Plaintiff, a prisoner at the Federal Correctional Institution in Rochester, Minnesota has filed a *pro se* complaint and application to proceed *in forma pauperis*. This action will be transferred under 28 U.S.C. § 1406 to the proper venue and the application to proceed *in forma pauperis* will be deferred.

The plaintiff challenges the conditions of his confinement, specifically his access to the courts, and the legality of his detention in federal custody, but seeks no money damages. Therefore, his complaint will be treated as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. A challenge to the legality of the detention and the conditions of confinement must be brought against the custodial warden. *Rumsfeld v. Padilla*, 124 S.Ct. 2711, 2720 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998). "[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Commission*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *accord Rooney v. Secretary of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) ("jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is located")

(internal citations and quotation marks omitted). Petitioner's custodian is not within this Court's territorial jurisdiction. The Court finds it in the interests of justice and judicial economy to transfer the case. Accordingly, it is hereby

ORDERED that this case be TRANSFERRED to the United States District Court for the District of Minnesota. The plaintiff's application to proceed *in forma pauperis* is properly left to the determination of the transferee court.

Date: July 28, 2008

United States District Judge