UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

AUG - 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RAPHAEL MENDEZ,

   Plaintiff,

v.

DIRECTOR, BUREAU OF PRISONS,

   Defendant.

Civil Action No. 08 1296 UNA

Motion to Reverse Order
transferring
case

On July 28, 2008, Hon. Judge James D. Bates issued an Order transferring plaintiff complaint to the U.S.Dist.Ct. of MN.

To transfer plaintiff, complaint Judge Bates made a list of arrangement which includes;
Arranging plaintiff from a pretrial civil committed detainee to a prisoner. An issue plaintiff, once fought in this court under file No.03-2253. The original complaint illustrate plaintiff as a pretrial civil committed detainee on the front page of the informa pauperis application and in the original complaint last page 5 paragraph 2.

Judge Bates treatment of plaintiff original complaint may have been a mean of Retaliation for plaintiff, prior dispute

4

in file No. 03-2253, to which serveral colleage of his had join in an attempt to either steal or just charge a pretrial civil committed detainee $ 150.00 dollars under Prisoner Litigation Reform Act (PLRA) which was reimbursed to plaintiff recently.

Plaintiff, would like to have Judge Bates Order, transferring case against federal bureau of prison Director, who's office is in Washington District of Columbia and who's address is written in the caption of the original complaint tobe review denovo for possible abuse of this court discretion relating to retaliation by reason of the prior five year conflict with this court ? That serveral Judges of this court sat upon to wrongfully enforce.

Plaintiff, could settle for appellate court review to this matter in U.S. District of Columbia or settle for disciplinary sanction involving the manner of Judge Bates treatment ? To transfer case to Minnesota.

Plaintiff, complaint needs tobe presided upon in the U.S. Dist. Ct. of Columbia, by reason it challenges the Director, who's office sits in Dist. of Columbia, and by reason the Director oversee's the function of the federal Warden's in two(2) separate venue and geographical area, North Carolina Butner and Minnesota Rochester, F.M.C. and F.C.I.
These two(2) separate venue and geographical area are both in question under false imprisonment by improper commitment and Minnesota, F.M.C. for instigating North Carolina F.C.I. false imprisonment.

The alleged phone call denial that occur at Rochester, MN federal facility is part of the allege instigation and a fact for the court to present to ~~their~~ Director on plaintiff behalf. 32 Am Jur 2d § 34.

The phone call may of resolve plaintiff, present confinement issue. It would of held the Virgin Islands prosecutor in contempt for disobeying a lawfully Order of the Superior Ct., Judge James S.Carroll III, to a pending File No. 08-MC-03, in the Virgin Islands.

Then the Virgin Islands Judge James S.Carroll III, could of divest Federal North Carolina of the illegal Jurisdiction taken from the F.C.I. Butner, NC, warden John t. Hadden through the certificate of mental disease and Defect June 4, 1991.

Warden John t. Hadden, actually committed criminal forgery in the certificate given to federal NC, court.

Federal NC, court assumed Jurisdiction from the Federal Warden John t. Hadden. Warden, John t.Hadden assumed Jurisdiction from the Virgin Islands District court, which sat as a local court. Parrott v. Government of the Virgin Islands, 230 F.3d 615 (3rd Cir.(V.I.) 2000) The Federal NC, court issued collateral Habeas Corpus order No. 91-HC-350, directed at Criminal Docket No. 90-Cr-43, violations solely of Virgin Islands Criminal legislative code.

The Virgin Islands Territorial court has the right to divest the Virgin Islands Dist. Ct. of Jurisdiction in case's where the Virgin Islands Dist.Ct. sat as a local court of general

Jurisdiction.

If, the Virgin Islands Territorial Court can divest the Virgin Islands Dist.Ct. of Jurisdiction, It can also divest the federal Court of NC, who assume Jurisdiction from a Certificate of Mental disease and Defect given to them by a F.C.I. Warden, John t. Hadden from Butner, NC. By reason the warden of F.C.I. assumed Jurisdiction from the District court of the Virgin Islands, when it sat as a local court in Criminal Docket No. 90-Cr-43.

And the Federal Bureau of Prison Director, is responsible for his Warden's Criminal Action of Jurisdictional Forgery by improper commitment to a false imprisonment that is being instigated in another federal facility to which the Director over see, in Rochester, MN.

The U.S.District Court of Columbia can entertain a hearing and maybe trial via video conference, without having to make any unnecessary transport. F.M.C. Rochester, MN, has been providing video conference with Eastern North Carolina Court, and plaintiff, is sure that the District Ct. of Columbia has this type of video conference hearing's. Plaintiff, may even do better at discussing the law that writing it.

For these reason said, above, plaintiff, wants to go to trial or hearing with the Federal Bureau of Prison Director ? If, the Federal Bureau of Prison Director has to come to F.M.C. Rochester, MN and conduct a hearing and trial, plaintiff, will be satisfy ?

-5-

Unsworn Declaration Under Penalty
for Perjury

Pursuant to 28 U.S.C. § 1746 (2) executed within the United States, its Territories, possession, or commonwealths:

I , Raphael MENDEZ, certify under penalty of perjury that the foregoing is True and correct.

Executed on _August 3rd, 2008_

/SS/ _Raphael Mendez_

_Raphael Mendez_
Raphael MENDEZ, #01649-094
Unit 1/1 F.M.C.
P.O.Box 4000
Rochester, MN  55903-